**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**KEITH P. SEQUEIRA, HELEN D. SEQUEIRA,**

Plaintiffs,

v.

**FEDERAL DEPOSIT INSURANCE CORP.**
*as Receiver for Washington Mutual Bank, N.A.*

Defendant.

Case No. 23-cv-2095 (CRC)

**MEMORANDUM OPINION**

Plaintiffs Keith and Helen Sequeira, proceeding *pro se* and *in forma pauperis*, sued the Federal Deposit Insurance Corporation ("FDIC") as receiver for Washington Mutual Bank ("WaMu"). The Sequeiras allege that WaMu engaged in illegal lending practices when negotiating the couples' 2004 home mortgage loan, in violation of the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2605.

Now before the Court are (1) the FDIC's motion to dismiss the first amended complaint; (2) the Sequeiras' motion for leave to amend; and (3) the Sequeiras' notice of removal of a related foreclosure suit pending in New Jersey state court.

For the reasons explained below, the Court will grant the FDIC's motion to dismiss, deny the Sequeiras' motion for leave to amend, and remand the New Jersey state case to the court in which it was originally brought.

## I. Background

A. Legal Background

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") allows the FDIC to take control of a failed financial institution as its "receiver" and wind up the institution's affairs. See Freeman v. FDIC, 56 F.3d 1394, 1398 (D.C. Cir. 1995); 12 U.S.C. § 1821(d)(2). Part of the wind-up process involves resolving claims against the bank or the FDIC as its receiver. FIRREA also sets up an administrative process for the FDIC to adjudicate these claims in the first instance. Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1141 (D.C. Cir. 2011). Parties initiate this process by filing a "proof of claim" with the FDIC. See 12 U.S.C. § 1821(f)(2); 12 C.F.R. § 380.34(a)–(b). Parties must first complete the FDIC's administrative process before they can file their claims in federal court. Freeman, 56 F.3d at 1399–400.

B. Factual Background

The following facts are drawn from the Sequeiras' first amended complaint and are taken as true for purposes of this motion. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005).

In 2004, the Sequeiras took out a mortgage from WaMu to buy a home in New Jersey. First Amended Complaint ("Am. Compl.") ¶¶ 2, 17. The couple alleges that WaMu engaged in predatory lending practices when negotiating the loan. See id. ¶¶ 19–37. Over the next five years, WaMu increased the Sequeiras' monthly payments without basis, forcing them to apply for a loan modification. See id. ¶¶ 38–44. WaMu then failed to process the application for months, causing the Sequeiras to default on the loan and leading to foreclosure proceedings on the Sequeiras' home. See id. ¶¶ 44–48; Def.'s Mot. to Dismiss ("MTD") Ex. B-2 ¶ 26; Pls.' Opp'n Exs. at 379–80.

In 2008, the U.S. government declared WaMu insolvent and appointed the FDIC as receiver. See Am. Compl. ¶¶ 4, 49. WaMu informed the Sequeiras that the FDIC had been appointed receiver and that JPMorgan Chase had acquired the Sequeiras' mortgage. Pls.' Opp'n ¶¶ 11–12; Sequeira Decl. ¶ 4; see Pls.' Opp'n Exs. at 75–78 (WaMu Notice Letter).

Years later, in 2016, the Sequeiras, represented by counsel, sued Chase in New Jersey state court. See Complaint, Sequeira v. JPMorgan Chase Bank, N.A. ("Chase"), No. 3:16-cv-05278 (MAS) (ZNQ) (D.N.J. March 29, 2019). After Chase removed that case to New Jersey federal court, the Sequeiras amended their complaint to allege claims against the FDIC as receiver for WaMu that are nearly identical to those raised against WaMu here. See Notice of Removal, Chase; First Amended Complaint ¶¶ 1–7, 12–13, 50–87, 220–24, 276–77, 280–82, 294–98, Chase.

After being notified of the Sequeiras' New Jersey suit, the FDIC discovered that the Sequeiras had never filed a proof of claim with the FDIC as required by federal law. MTD Ex. A, Decl. of Donald G. Grieser ¶ 5. The FDIC then issued a notice to the Sequeiras' counsel at the time that included information on the FDIC's administrative claims processes. Id. ¶ 6; see MTD Ex. A-3 ("FDIC Notice"). The notice further explained that the deadline to file a proof of claim had passed in 2008, but the FDIC would consider a late-filed proof of claim if the Sequeiras (1) submitted a proof of claim by early 2017 and (2) showed that they did not receive notice of the FDIC's appointment before the original deadline. FDIC Notice at 1–2. The notice also included instructions for the Sequeiras on how to file their claim. Id. at 3.

Nearly six years later, in 2022, the Sequeiras sent a proof of claim via email to an outside counsel who had represented the FDIC in the New Jersey lawsuit. See Am. Compl. ¶ 9 n.13; Pls.' Opp'n Exs. at 425. The outside counsel, however, informed the Sequeiras that he no longer

represented the FDIC and could not accept delivery of the claim on its behalf. Pls.' Opp'n Exs. at 426. He also forwarded the Sequeiras' email to an FDIC in-house attorney. MTD Ex. B-1. The FDIC neither acknowledged the Sequeiras' form nor acted on it. Am. Compl. ¶ 9 & n.13.

The Sequeiras then sued the FDIC as receiver for WaMu in this Court. The FDIC moved to dismiss this case for lack of subject matter jurisdiction. The Sequeiras moved for leave to amend their complaint and filed a notice of removal seeking to remove a foreclosure action from New Jersey state court to this Court.

## II. Legal Standards

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

When evaluating a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff[s] the benefit of all inferences that can be derived from the facts alleged.'" Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)). The plaintiffs bear "the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction[.]" Biton v. Palestinian Interim Self-Gov't Auth., 310 F. Supp. 2d 172, 176 (D.D.C. 2004). The Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharms., 402 F.3d at 1253.

### B. Motion for Leave to Amend

Federal Rule of Civil Procedure 15 instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see Belizan v. Hershon, 434 F.3d 579, 582 (D.C. Cir. 2006) (explaining that Rule 15 "is to be construed liberally"). "The decision to grant or

deny leave to amend . . . is vested in the sound discretion of the trial court." Doe v. McMillan, 566 F.2d 713, 720 (D.C. Cir. 1977) (per curiam). Leave to amend should not be granted when such amendment would be futile. See Richardson v. United States, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

## III. Analysis

### A. The FDIC's Motion to Dismiss

The Court lacks jurisdiction over this case because the Sequeiras did not properly file their claim with the FDIC.

In Freeman v. FDIC, 56 F.3d 1394 (D.C. Cir. 1995), the D.C. Circuit held that FIRREA generally strips courts of jurisdiction over claims against a failed financial institution for which the FDIC has been appointed receiver unless the claimant has first exhausted its remedies before the FDIC. Id. at 1399–400. At a minimum, that requirement means the claimant must first file his claim with the FDIC before he files suit. See id. at 1400 (Courts lack jurisdiction "where a claimant has failed to initiate an administrative claim." (cleaned up)). Under its statutory authority, the FDIC issued rules governing the filing of claims. See 12 U.S.C. §§ 1820(g), 1821(f)(2)–(3); 12 C.F.R. § 380.34(a)–(b). These rules permit claimants to file in one of three ways: (1) mailing the documents, (2) faxing the documents, and (3) uploading the documents to an FDIC website. See FDIC Form 7200/19 at 3, https://perma.cc/SWU4-CFYA. The FDIC informed the Sequeiras of these three options. See FDIC Notice at 3.

Yet the Sequeiras did none of those three things. Instead, they sent their completed forms via email to the FDIC's former outside counsel. That email does not satisfy the FDIC's filing rules because the rules do not permit filing claims via email, let alone via email to former outside

counsel. For the same reason, it does not matter that the outside counsel forwarded the Sequeiras' email to an FDIC in-house attorney.

Because the Sequeiras have not complied with the FDIC's filing requirements, they have not yet filed their claims with the FDIC. See 12 C.F.R. § 380.34(b) (deeming a claim filed before the FDIC as of the date it is filed "in accordance with [the FDIC's] instructions"). The Court therefore lacks jurisdiction over this case. See Freeman, 56 F.3d at 1400; Avery v. FDIC, 113 F. Supp. 3d 116, 120 (D.D.C. 2015) ("[T]he Court has no jurisdiction because Plaintiff never filed an administrative claim with the FDIC.").[1]

B. The Sequeiras' Motion for Leave to Amend

The Court denies the Sequeiras leave to amend their complaint for two independent reasons.

First, the Sequeiras' proposed amended complaint does not contain a short and plain statement of their claims. Federal Rule of Civil Procedure 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Ciralsky v. CIA, 355 F.3d 661, 668–71 (D.C. Cir. 2004). This standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense. Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint that "contains an untidy assortment of claims that are neither plainly nor concisely stated" violates Rule 8. Jiggetts v. District of

[1] The FDIC also advances alternate grounds for dismissal. See MTD at 14–19. The Court expresses no view on those grounds, including on whether the Sequeiras have pled facts that demonstrate they satisfy FIRREA's late-filed claim exception, see 12 U.S.C. § 1821(d)(5)(C)(ii).

Columbia, 319 F.R.D. 408, 413 (D.D.C. 2017), aff'd sub nom. Cooper v. District of Columbia, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (per curiam).

The Sequeiras' proposed second amended complaint is neither short nor plain. It is over 200 pages long. See Sec. Am. Compl.; Ciralsky, 355 F.3d at 669 (finding that the district court properly struck a 119-page complaint that was "repetitive" and "discursive"). And it raises new claims against dozens of new defendants, sweeping in virtually everyone who had anything to do with the Sequeiras' mortgage, including the Sequeiras' prior attorneys, various financial institutions, and employees affiliated with those institutions. See Sec. Am. Compl. ¶¶ 17–65.

The Sequeiras have not adequately explained why they need to expand this case so drastically. They request leave to amend based on an asserted need to file "compulsory counterclaims" against MetLife Insurance, and third-party claims against the other defendants, in an ongoing foreclosure suit filed by MetLife against the Sequeiras. See Decl. of Keith Sequeira in Support of Motion for Leave to Amend ("Sequeira MTA Decl.") ¶¶ 9–11, 20; see also Metro. Life Ins. v. Sequeira ("MetLife"), No. SWC F 005810-21 (N.J. Super. Ct. Nov. 17, 2021). But MetLife is not before this Court. It is before a New Jersey state court. The Sequeiras therefore cannot bring in this Court whatever counterclaims they may have in MetLife.

Second, amendment would be futile. "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms . . . or could not withstand a motion to dismiss." McGee v. District of Columbia, 646 F. Supp. 2d 115, 119 (D.D.C. 2009); see Richardson, 193 F.3d at 549. Here, the Sequeiras' proposed second amended complaint does not fix the jurisdictional defects identified above because it does not allege that the Sequeiras complied with the FDIC's filing rules. As the Sequeiras concede, the proposed complaint "does not make any changes to [the existing] claims against" the FDIC. See Sequeira MTA Decl. ¶ 19.

As a result, the proposed complaint could not survive a motion to dismiss, so granting leave to amend would be futile.

C. The Sequeiras' Notice of Removal

Finally, the Sequeiras seek to remove MetLife to this Court. Parties may remove a state case only to the United States district court for the district in which the state case was brought. 28 U.S.C. § 1441(a). Because MetLife was not filed in this district, the Sequeiras may not remove it here. The Court therefore remands MetLife to the state court in which it was brought.

## IV. Conclusion

For these reasons, the Court grants the FDIC's motion to dismiss, denies the Sequeiras' motion for leave to amend, and remands Metropolitan Life Insurance v. Sequeira, No. SWC F 005810-21 (N.J. Super. Ct. Nov. 17, 2021) to the Superior Court of New Jersey, Monmouth County. A separate order accompanies this memorandum opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: August 15, 2024